Ilya Kushnirsky
KUSHNIRSKY LAW PLLC
180 Sterling Street
Brooklyn, New York 11225
(212) 540-8292
*Attorneys for Plaintiff Eelco van den Berg*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| EELCO VAN DEN BERG, | : | Case No.: |
| | : | |
| | : | **COMPLAINT FOR** |
| Plaintiff, | : | **COPYRIGHT** |
| v. | : | **INFRINGEMENT AND** |
| | : | **VIOLATION OF THE DMCA** |
| | : | |
| KARTELL S.P.A. and KARTELL US, INC., | : | |
| | : | **JURY TRIAL DEMANDED** |
| Defendants. | : | |
| | : | |

Plaintiff Eelco van den Berg ("Plaintiff"), by and through his undersigned attorneys, for his complaint against defendants Kartell S.p.A. and Kartell US, Inc. ("Defendants"), alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for copyright infringement under the U.S. Copyright Act and violation of the Digital Millennium Copyright Act ("DMCA") brought by Plaintiff, an independent artist, against Kartell S.p.A., an Italian furniture and design company ("Kartell"), and Kartell US, Inc., its United States affiliate/subsidiary ("Kartell US").

2. Plaintiff is a Dutch artist and muralist known for his vibrant, large-scale murals.

3. In 2025, Plaintiff created an original mural titled "Integrity" on the famous staircase of Santa Lucia in Arzachena, Sardinia, Italy (the "Work").

1

4.      The Work is a distinctive, colorful, large-scale artwork. It also contains Plaintiff's copyright management information, including "I AM EELCO," displayed prominently along the bottom of the Work.

5.      Without obtaining or even seeking permission from Plaintiff, Defendants used photographs and videos prominently depicting the Work in commercial advertising and promotional materials for Kartell, including for its A.I. Lite chair, Corteza planters, and other Kartell products.

6.      Defendants' infringing campaign appeared, among other places, on Defendants' US website, Defendants' official Instagram account, Defendants' Facebook page, and third-party publications republishing promotional imagery supplied by Defendants.

7.      Defendants did not merely capture the Work incidentally. Defendants intentionally used the Work as a central visual element of their campaign, placed Kartell furniture in front of the Work, overlaid Kartell branding on video footage of the Work, and used the Work to advertise Kartell products and brand identity.

8.      In many of Defendants' photographs and videos, the bottom portion of the Work containing Plaintiff's copyright management information was cropped out, covered, obscured, or otherwise omitted, while the remaining expressive elements of the Work were reproduced and displayed.

9.      Plaintiff sent Defendants a demand letter notifying them of Plaintiff's rights and requesting information necessary to evaluate settlement, including sales and revenue information for the advertised products, information regarding where the products were advertised or sold, and identification of any third-party agencies involved in the infringing advertisements. Defendants failed to provide the requested settlement information.

10. Plaintiff seeks injunctive relief, monetary damages, disgorgement of Defendants' profits, costs, attorneys' fees, and such other relief as the Court deems necessary for Defendants' willful copyright infringement and unauthorized use and display of Plaintiff's Work with Plaintiff's copyright management information removed or omitted.

## PARTIES, JURISDICTION, AND VENUE

11. Plaintiff Eelco van den Berg is an individual residing in Rotterdam, Netherlands.

12. Mr. van den Berg is the sole owner of the copyright in the Work. The Work was first published in Italy and is entitled to protection under the U.S. Copyright Act pursuant to 17 U.S.C. § 104(b)(2).

13. Defendant Kartell is an Italian corporation with its registered office at Via delle Industrie, 1, 20082 Noviglio (MI), Italy. Kartell is engaged in the design, manufacture, marketing, distribution, and sale of furniture, lighting, home accessories, seating, and related products worldwide, including in the United States and in this District.

14. Upon information and belief, Defendant Kartell US is a New York corporation that operates as Kartell's United States affiliate, subsidiary, distributor, importer, marketer, and/or retail presence in the United States.

15. Upon information and belief, Defendants operate a Kartell flagship retail store in this District located at 152 Madison Avenue, New York, New York 10016, and advertise, sell, distribute, and/or offer Kartell products to consumers in this District and throughout the United States.

16. Upon information and belief, Defendants are related entities that acted in concert with respect to the marketing, promotion, distribution, sale, and/or display of the infringing advertisements and the products promoted therein.

3

17.    Upon information and belief, Defendant Kartell US acts as Defendant Kartell's United States affiliate, distributor, importer, marketer, and/or retail arm, including by advertising, promoting, offering for sale, and selling Kartell-branded products in the United States and in this District. Upon information and belief, Kartell directs, controls, authorizes, approves, and/or benefits from Kartell US's United States marketing, sales, distribution, and retail activities, including the promotion and sale of the Kartell products advertised using Plaintiff's Work.

18.    The Court has subject matter jurisdiction pursuant to 17 U.S.C. §§ 501 and 1202 and 28 U.S.C. §§ 1331 and 1338.

19.    This Court has personal jurisdiction over Defendants pursuant to N.Y.C.P.L.R. §§ 301 and 302 and Fed. R. Civ. P. 4(k)(2) because Defendants, directly and/or through their affiliates, agents, distributors, retail operations, and online platforms, conduct systematic business in this District; operate or control a Kartell retail store in this District; advertise, distribute, offer for sale, and sell Kartell products to customers in this District; derive substantial revenue from goods sold and services rendered in this District; and directed, authorized, participated in, and/or benefited from the infringing advertising campaign alleged herein, which was accessible in and directed to consumers in this District.

20.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400 because Defendants reside in this District for venue purposes, are subject to personal jurisdiction in this District, conduct regular business in this District directly and/or through affiliated retail and distribution operations, and directed, authorized, participated in, and/or benefited from unlawful conduct that occurred in, was directed to, and caused injury in this District.

## FACTUAL BACKGROUND

### I.    Plaintiff's Original Work

21.     Plaintiff Eelco van den Berg is regularly commissioned by clients around the world to create and install original works of art, including murals.

22.     In 2025, Mr. van den Berg was selected by the town of Arzachena in Sardinia, Italy to paint a mural titled "Integrity" on the famous staircase of Santa Lucia, shown below.



*Plaintiff's Work, "Integrity"*

23.     The Work was first published in Italy and is currently still on display in Italy.

24.      Plaintiff's copyright management information is conspicuously placed on the Work and in connection with authorized displays of the Work. Specifically, the Work features the phrase "I AM EELCO" and the year of completion "2025," prominently displayed along the bottom of the Work. A plaque positioned next to the Work includes additional information about the Work and Mr. van den Berg in English and Italian, along with the statement "Artwork created by I am Eelco."

## II.      **Defendant's Willful Copyright Infringement and Violation of the DMCA**

25.      Defendants operate a furniture and design business based in Italy with stores and commercial operations around the world, including in New York City.

26.      Defendants manufacture, advertise, distribute, and sell furniture, seating, lighting, planters, home accessories, and related products.

27.      In or about August 2025, Defendants launched a marketing campaign referred to as "#Kartellwander" that used photographs and videos of the Work to promote the overall Kartell brand and specific Kartell products.

28.      Kartell's own social media caption for the campaign stated, in substance, that "#Kartellwander" brought Kartell's iconic style to the "vibrant steps of Santa Lucia," where the "magic of color meets innovation," and expressly promoted the "A.I. Lite chair," "Sottsass stools," and "Corteza planters."

29.      Defendants' promotional materials used the Work as a prominent and attention-grabbing backdrop for Kartell products, including by placing Kartell chairs and other products in front of the Work and filming or photographing those products against the Work.

30.      Defendants displayed the infringing photographs and videos on Kartell's official website, including on a Kartell video page and/or product-promotional page.

31.    Defendants also displayed the infringing videos and images on Kartell's official Facebook page and Instagram account.

32.    Upon information and belief, Defendants also supplied, authorized, encouraged, or permitted third-party publications and social media accounts to republish infringing imagery from the campaign, including promotional imagery that paired the Work with Kartell products and/or referred to the A.I. Lite chair and other Kartell products.

33.    Defendants never obtained any permission or license from Plaintiff to reproduce, display, distribute, adapt, or otherwise use the Work, nor did Defendants contact Plaintiff to request any such permission or license.

34.    Defendants knew or should have known that the Work was a protected artwork because the Work is a large-scale commissioned public artwork with Plaintiff's copyright management information visibly displayed on the Work itself and on the adjacent plaque.

35.    In many of Defendants' unauthorized photographs and videos, the bottom portion of the Work containing Plaintiff's copyright management information was cropped out, cut off, covered by product placement or interface overlays, or otherwise omitted, while the remaining expressive elements of the Work remained visible and were used for Defendants' commercial benefit. Defendants had access to and used versions of the Work in which the CMI was visible, but selected, edited, cropped, framed, or distributed versions in which that CMI was not visible.

36.    Upon information and belief, Defendants removed, cropped, obscured, and/or omitted Plaintiff's copyright management information to facilitate Defendants' unauthorized advertising campaign, to present the Work as part of Kartell's own branded visual environment, and to conceal or reduce the likelihood that viewers would recognize Plaintiff as the true author and rights holder of the Work.

37.    Defendants' unauthorized uses were commercial, promotional, and intended to drive attention to Defendants, their products, and their brand.

38.    Defendants' unauthorized uses were not transformative. Defendants used Plaintiff's expressive Work for its original aesthetic value and visual impact, as the centerpiece or substantial backdrop of commercial product advertising.

39.    Plaintiff discovered Defendants' unauthorized uses and, through counsel, sent a written demand letter to Kartell S.p.A. on May 22, 2026 notifying Kartell of Plaintiff's rights and demanding that Kartell cease and desist from infringing uses of the Work.

40.    Plaintiff's demand letter requested that Kartell provide information necessary to evaluate settlement, including an accounting of units sold and worldwide gross revenue for sales of the A.I. Lite chair and Corteza planters, a complete list of websites and locations where those products had been advertised and/or sold, and identification of any third-party agencies involved in the creation of the infringing advertisements.

41.    Kartell failed to provide the requested settlement information.

42.    By the time Kartell received Plaintiff's demand letter, Defendants had actual knowledge of Plaintiff's rights in the Work and of Plaintiff's position that Defendants' uses were unauthorized and infringing.

43.    Despite that knowledge, Defendants failed to cooperate in an amicable resolution of this matter, leaving Plaintiff no choice but to file this action to protect the integrity of his artwork and to vindicate his rights.

44.    Plaintiff has been damaged by Defendants' unlawful conduct.

**FIRST CLAIM FOR RELIEF**
**COPYRIGHT INFRINGEMENT – 17 U.S.C. § 501, *et seq.***

45.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 44 above and incorporates them herein by reference.

46.     Plaintiff owns the exclusive rights and privileges in and to the copyright in the Work, which is protected under the U.S. Copyright Act pursuant to 17 U.S.C. § 104(b)(2).

47.     Defendants had access to Plaintiff's Work, including, without limitation, because the Work is a publicly displayed mural in Arzachena, Italy; because Defendants intentionally filmed and photographed Kartell products in front of the Work; and because the Work and information identifying Plaintiff were publicly available online and on the Work itself.

48.     Defendants copied, reproduced, distributed, adapted, and/or publicly displayed the Work, or substantial protectable elements of the Work, without Plaintiff's consent, permission, or authority.

49.     Defendants' infringing uses include, without limitation, the use of photographs and videos prominently depicting the Work on Kartell's website, Kartell's social media channels, and in promotional materials for Kartell products including the A.I. Lite chair and Corteza planters.

50.     A comparison of Plaintiff's Work and examples of Defendants' infringing uses is attached hereto as Exhibit A. The comparison makes immediately apparent that Defendants reproduced and displayed the protectable expression of the Work, including its distinctive composition, colors, linework, geometric arrangement, and overall visual appearance.

51.     Defendants' conduct constitutes infringement of Plaintiff's copyright and exclusive rights in the Work in violation of 17 U.S.C. §§ 106 and 501.

52.     Defendants' acts of infringement have been willful, intentional, purposeful, and/or in reckless disregard of and with indifference to Plaintiff's rights.

9

53.     Plaintiff is entitled to actual damages and Defendants' profits attributable to the infringement pursuant to 17 U.S.C. § 504.

54.     Plaintiff is also entitled to an order enjoining and restraining Defendants, during the pendency of this action and permanently thereafter, from copying, reproducing, distributing, adapting, displaying, or otherwise using the Work or any substantially similar copy, derivative, or element thereof without Plaintiff's authorization.

**SECOND CLAIM FOR RELIEF**
**REMOVAL AND DISTRIBUTION/DISPLAY OF**
**COPYRIGHT MANAGEMENT INFORMATION – 17 U.S.C. § 1202(b)**

55.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 54 above and incorporates them herein by reference.

56.     Plaintiff's copyright management information was conveyed in connection with the Work, including the phrase "I AM EELCO" and the adjacent plaque identifying "Artwork created by I am Eelco."

57.     Upon information and belief, Defendants intentionally and knowingly removed, cropped, obscured, and/or omitted Plaintiff's copyright management information from copies and displays of the Work used in Defendants' advertising and promotional materials.

58.     Upon information and belief, Defendants intentionally and knowingly distributed and/or publicly displayed copies of the Work with Plaintiff's copyright management information removed, cropped, obscured, and/or omitted.

59.     Upon information and belief, Defendants knew that Plaintiff was the true author and copyright owner of the Work, or were willfully blind to that fact, because Plaintiff's identifying information was visibly displayed on the Work and in connection with the Work.

60. Upon information and belief, Defendants removed, cropped, obscured, and/or omitted Plaintiff's copyright management information and distributed or displayed copies of the Work with such information removed, cropped, obscured, and/or omitted with knowledge or reasonable grounds to know that doing so would induce, enable, facilitate, or conceal infringement of Plaintiff's rights.

61. Defendants engaged in these activities without the consent or authorization of Plaintiff.

62. Plaintiff has been injured as a result of Defendants' violation of 17 U.S.C. § 1202(b) and is entitled to injunctive relief, damages, costs, and attorneys' fees. Plaintiff may also elect to recover statutory damages pursuant to 17 U.S.C. § 1203(c)(3) of up to $25,000 for each violation of 17 U.S.C. § 1202(b).

**WHEREFORE**, Plaintiff demands judgment as follows:

1. For an order permanently restraining and enjoining Defendants from copying, reproducing, distributing, adapting, displaying, promoting, publishing, or otherwise using the Work or any substantially similar copy, derivative, or element thereof without Plaintiff's authorization;

2. For an award of Plaintiff's actual damages in connection with Defendants' willful copyright infringement;

3. For an award of all of Defendants' disgorged profits attributable to Defendants' copyright infringement;

4. For an award of statutory damages of up to $25,000 per violation of 17 U.S.C. § 1202(b);

5. For an award of Plaintiff's costs and attorneys' fees under 17 U.S.C. § 1203;

11

6.      For interest, including prejudgment interest, on the foregoing sums; and

7.      For such other and further legal and equitable relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury in this action of all issues so triable.

Dated:      July 20, 2026                              Respectfully Submitted,

KUSHNIRSKY LAW PLLC

By: _____
Ilya Kushnirsky
180 Sterling Street
Brooklyn, NY 11225
(212) 540-8292
ilya@ik-firm.com
*Attorneys for Plaintiff Eelco van den Berg*

12

# EXHIBIT A

Plaintiff's Mural



Defendants' uses of the Work to promote Kartell products









